# Tompsett v. Glade Township.

*Negligence—Sidewalks—Township—Infant.*

In an action by a boy three years old against a township to recover damages for personal injuries sustained by falling from a sled from a sidewalk to the ground, binding instructions for defendant are proper, where there is no evidence as to what caused the boy to fall off the sled, or that it was caused by any defect in the walk, or that a cutting down of the street at the point where the accident occurred was the proximate cause of the boy falling off the sled.

Argued May 1, 1900. Appeal, No. 131, Jan. T., 1900, by plaintiff, from judgment of C. P. Warren Co., June T., 1898, No. 42, on verdict for defendant in case of Harry Tompsett, Harold Tompsett, by his father, and next·friend, Harry Tompsett, v. Glade Township. Before McCollum, C. J., Mitchell, Dean, Fell, Brown and Mestrezat, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before Lindsey, P. J.

At the trial it appeared that plaintiff, a boy about three years and three months old was on February 23, 1898, injured by

falling off a sled on a sidewalk to the ground. At the time he was being drawn on the sled by a little girl ten years old, who was the only person who saw the accident. She said that the boy fell from the sled, but did not explain what caused him to fall. She stated that there was a slope in the sidewalk towards the street at the point where the boy fell. At this point there had been a cut after the sidewalk was built and alongside of it to the extent of from two to three feet. This cut had been made by a street railway company. The plaintiff failed to show that there was any defect in the construction or repair of the sidewalk, and the evidence on the part of the defendant was that the walk was in good repair, level and not broken at the time and place of the accident.

The court gave binding instructions for defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* among others was in giving binding instructions for defendant.

*D. U. Arird*, with him *H. J. Muse*, for appellants.

*Perry D. Clark*, for appellee.

PER CURIAM, February 18, 1901:

There was no evidence that the injuries resulted from the negligence complained of.

Judgment affirmed.